IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALVARITO ACEVEDO MOLINA and CARMEN JULIA ACEVEDO MOLINA;<br><br>Plaintiffs,<br><br>v.<br><br><br>CENTRO CARDIOVASCULAR DE MANATÍ, INC; MANATÍ MEDICAL CENTER, INC., and/or UNKNOWN CORPORATION "A" d/b/a MANATÍ MEDICAL CENTER; DR. JOSÉ MARTÍNEZ BARROSO; DR. ADRIÁN ARROYO OTERO; DR. HÉCTOR GALLOZA; JOHN DOE 1, 2 and 3, in their personal capacity and in representation of their respective Conjugal partnerships; CORPORATIONS A, B and C; INSURANCE COMPANIES A, B, C, D, E and F,<br><br>Defendants. | CASE NO. _____<br><br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW,** Plaintiffs through the undersigned legal representation, and respectfully state and pray as follows:

### Jurisdiction and Venue

1. The events and omissions giving rise to the claims set forth in this action all occurred within the District of Puerto Rico and the Commonwealth of Puerto Rico.

2. Federal jurisdiction in this case is attained under diversity pursuant to section 1332 of Title 28, United States Code. Venue is appropriate in this judicial district pursuant to section 1391(b) of Title 28, United States Code.

1

3.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

**Parties**

4.  Plaintiff Alvarito Acevedo Molina is a brother of Mrs. Zoraida Acevedo Molina, deceased. Mr. Alvarito Acevedo Molina is a citizen and a resident of the state of New York.

5.  Plaintiff Julia Acevedo Molina is a sister of Mrs. Zoraida Acevedo Molina, deceased. Mr. Carmen Julia Acevedo Molina is a citizen and resident of the state of Massachusetts.

6.  Codefendant Centro Cardiovascular de Manati, Inc., (hereinafter, "Centro Cardiovascular de Manatí") is, by information and belief, a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, which owns and administers a cardiology services center in the municipality of Manatí, Puerto Rico.

7.  Codefendant Manatí Medical Center, Inc., and/or Unknown Corporation "A" d/b/a Manatí Medical Center; (hereinafter, "Manatí Medical Center") is, by information and belief, a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, which owns and/or operates a hospital in the municipality of Manatí, Puerto Rico.

8.  Codefendant Dr. José Martínez Barroso (hereinafter, "Dr. Martinez Barroso") is, by information and belief, a medical specialist in cardiology, who on the dates relevant to this complaint practiced his profession in Puerto Rico at Centro Cardiovascular de Manatí and Manatí Medical Center.

9.  Codefendant Dr. Adrián Arroyo Otero (hereinafter, "Dr. Arroyo Otero") is, by information and belief, a doctor in medicine, who on the dates relevant to the present complaint practiced his profession in Puerto Rico, at Manatí Medical Center.

2

10. Codefendant Dr. Héctor Galloza (hereinafter, "Dr. Galloza") is, by information and belief, a doctor in medicine, who on the dates relevant to the present complaint practiced his profession in Puerto Rico, at Manatí Medical Center.

11. John Doe 1, 2 and 3, are codefendants whose names are unknown, and who are medical doctors, nurses or other persons or entities that participated in the treatment of Zoraida Acevedo Molina, deceased, at Manatí Medical Center and/or Centro Cardiovascular de Manatí, who incurred in acts of negligence for which they are responsible to Plaintiffs for the damages claimed in this complaint.

12. Corporations A, B and C are entities whose identities are unknown and could be the owners and/or operators of Manatí Medical Center and Centro Cardiovascular de Manatí.

13. Insurance Companies A through F, insurers whose identities are presently unknown, insured the aforementioned defendants and are jointly responsible with their respective insureds for the damages claimed herein pursuant to section 2003 of Title 26 of the Annotated Laws of Puerto Rico.

### Factual Allegations

14. At the time of the incidents described under these factual allegations, Mrs. Zoraida Acevedo Molina was 52 years of age. Mrs. Acevedo Molina was a survivor of breast cancer, with the following medical conditions for which she took medications: diabetes, hypertension and hypercholesterolemia.

15. On or around April 5, 2013, Mrs. Acevedo Molina attended a health fair which took place at the facilities of a Camuy CDT (Center for Diagnostics and Treatment), at which event free medical exams were offered to those who requested said services. Mrs. Acevedo Molina took advantage of the opportunity and underwent a diagnostic examination, which included an electrocardiogram (ECG) which is an exam that measures electric activity in the

heart. The ECG test showed results which caused the attending personnel to refer Mrs. Acevedo to a cardiologist.

16. With the referral received at the Camuy CDT, Mrs. Acevedo Molina visited the offices of codefendant, Dr. José Martínez Barroso, a cardiologist at Centro Cardiovascular de Manatí. After her initial evaluation, Dr. Martínez Barroso instructed his patient to undergo an echocardiogram, a necessary diagnostic exam that offers images of the heart in motion.

17. Following medical orders, Mrs. Acevedo Molina again visited Centro Cardiovascular de Manatí on May 28, 2013 to undergo the echocardiogram required by her cardiologist. Due to her diabetes, hypertension and hypercholesterolemia, Mrs. Acevedo Molina was a high risk patient for coronaropathy. The echocardiogram results clearly showed that Mrs. Acevedo Molina's heart suffered anomalies and deficiencies indicative of coronary disease, valvulopathy, ischemic cardiopathy and congestive cardiac insufficiency.

18. Notwithstanding the above, Dr. Martínez Barroso failed to take immediate action to address his patient's cardiac conditions, negligence which put at risk Mrs. Acevedo Molina's life. Instead, Dr. Martínez Barroso scheduled a third medical visit for Mrs. Acevedo Molina for August 2013, approximately three (3) months after performing and becoming aware of the results of the referenced echocardiogram.

19. For unknown reasons, Centro Cardiovascular de Manatí's personnel contacted Mrs. Acevedo Molina through a telephone call in order to cancel the scheduled appointment. Said personnel did not provide alternatives dates and failed to coordinate the re-scheduling of the appointment ordered by Mrs. Acevedo Molina's cardiologist.

20. On August 8, 2013, Mrs. Zoraida Acevedo Molina arrived at Camuy CDT's Emergency Room during the afternoon hours, complaining of a strong pain in her chest area,

stomach pain, back-ache, difficulty in breathing and cough. At the Emergency Room, the patient was seen by Dr. Odalys Carrion, who, after evaluating Mrs. Acevedo Molina treated her with medications for asthma and gastritis. The patient was discharged and sent home.

21.     Four days later, on August 12, 2013, Mrs. Acevedo Molina returned to the Camuy CDT because she felt very ill, presenting symptoms similar to those she had on August 8, 2013, particularly chest pain, difficulty in breathing, stomach pain, diarrhea and fever. An adequate evaluation of the patient was carried out, which included an electrocardiogram (ECG) that reflected an anomaly in cardiac conduction known as *Left Bundle Branch Block* (LBBB). A LBBB result is a clear indication of cardiac disease, or possibly, of an acute myocardial infarction.

22.     The patient was started with nitroglycerin, aspirin and Plavix, and was referred by Dr. Odalys Carrión to the Manatí Medical Center, a hospital, with a diagnosis of coronaropathy (Acute Coronary Disease), and recommendation of cardiac enzymes study and consultation with a cardiologist. Prior to transferring Mrs. Acevedo Molina, a physician at Manatí Medical Center named Dr. Ramos was consulted. Said physician accepted receiving the patient at Manatí Medical Center.

23.     Mrs. Acevedo Molina was transported by ambulance to Manatí Medical Center's Emergency Room, where she arrived at 10:08 a.m. Approximately one hour and thirty minutes after arrival at the Emergency Room (ER), the patient was examined by codefendant Dr. Adrián Arroyo Otero ("Dr. Arroyo Otero"), who had been notified of the symptoms presented by Mrs. Acevedo Molina upon arrival.

24.     Dr. Arroyo Otero also received the documentation related to the patient transfer, including the medical file generated at the Camuy CDT which included Dr. Carrion's diagnosis

5

and recommendations. Importantly, Mrs. Acevedo Molina's medical file also revealed that she was Dr. Martínez Barroso's patient, who at the time had privileges as a cardiologist to attend patients at Manatí Medical Center and was present and available that day at said hospital for a cardiology consultation.

25. It also noteworthy that the transfer note prepared by the paramedics who transported Mrs. Acevedo Molina in the ambulance from the Camuy CDT to Manatí Medical Center points out that the patient refers "chest pain" as her main complaint; that her signs and symptoms are "chest pain", "tachycardia", "diarrhea", "abdominal pain" and "hypertension"; that the possible diagnostic impression or condition of the patient is chest pain, LBBB and <u>that Acute Coronary Syndrome should be discarded</u> ("Chest Pain, LBB, R/O ACS").

26. Dr. Arroyo Otero examined the patient and ordered a chest X-Ray, generic blood tests and an electrocardiogram. Despite that the radiology report of the ECG performed at Manatí Medical Center indicated that the patient was suffering sinus tachycardia, left anterior fascicular block, that an anteroseptal infarct could not be ruled out and that it was an abnormal ECG, the medical personnel at Manatí Medical Center failed to order a cardiologist consultation, failed to perform serial cardiac enzymes tests and other laboratory tests to rule out a myocardial infarct.

27. It is important to point out that Mrs. Acevedo Molina's eldest daughter, Zorielys Reyes Acevedo, and another of the patient's sister, Mrs. Luz N. Acevedo Molina, accompanied Mrs. Zoraida Acevedo Molina during her stay at Manatí Medical Center. Mrs. Luz Acevedo Molina spoke to her sister's cardiologist, codefendant Dr. Martínez Barroso, and informed him that his patient Zoraida Acevedo Molina was at the ER with a strong chest pain. In spite of the foregoing, Dr. Martínez Barroso did not bother to see or evaluate his patient who was now steps

6

away from him at the ER, suffering from symptoms he well knows are related to an acute coronary syndrome.

28. During her stay at Manatí Medical Center's ER, the patient received respiratory therapies and antibiotics were administered. Astonishingly, in light of the above, the patient was informed that her illness could probably be due to a "respiratory process" produced by a virus. At around 11:00 p.m. of the same day, codefendant Dr. Gallardo informed the patient that her test results were satisfactory, that she did not have pneumonia or bronchitis, and discharged her with medications, including Toradol (an anti-inflammatory drug which should not be administered to patients with cardiac or circulatory problems). The patient was instructed to return to be hospitalized in three (3) days if she did not improve.

29. Two days after being discharged from Manatí Medical Center's ER, Mrs. Acevedo Molina continued to experience chest pain and great difficulty in breathing, to the point that she felt "asphyxiated", which prompted her eldest daughter to take her to the Camuy CDT again at 9:30 p.m. on August 14, 2013. Upon arrival thereat, Mrs. Acevedo Molina had to be carried and placed on a wheelchair since she was unable to walk on her own. The patient could barely breathe, her lips and fingers had turned purple and she was taken immediately to Camuy CDT's ER.

30. According to Mrs. Zoraida Acevedo Molina's medical file at CDT Camuy, she arrived with chest pain, acute respiratory difficulty, sweating, cyanotic, with fatigue and tachycardia.

31. The medical personnel at Camuy CDT informed Zorielys Reyes Acevedo that her mother was ill, and that she had liquid in her lungs. The patient was put on a stretcher, an ECG was performed, oxygen and intravenous medications were administered and a catheter was

7

placed. After a while, nursing personnel asked the patient's daughter to leave the room because her mother was going into cardiac arrest. Minutes later, the attending ER physician informed the patient's daughter her mother had passed away. The clinical diagnosis included: acute myocardial infarction, congestive cardiac failure, hypertension and hyperlipidemia.

32. On August 19, 2013, an autopsy was practiced on the defunct Zoraida Acevedo Molina, which revealed the cause of death was ischemic cardiopathy and congestive cardiac failure.

33. Mrs. Zoraida Acevedo Molina was only 52 years of age when she died on August 14, 2013 and had a life expectancy of 20 years or more, had she been provided with adequate medical care. Mrs. Acevedo Molina went through serious physical pain and mental anguish, manifested throughout the days prior to her death, all related to a dynamic process of ischemic cardiopathy that was never treated by codefendants.

34. Mrs. Acevedo Molina's death was premature and entirely avoidable considering the symptoms and conditions she presented and the established medical protocols and means for their execution available to her treating physicians and to Centro Cardiovascular de Manatí, Inc. and the Manatí Medical Center, Inc.

35. Codefendants, doctors José Martínez Barroso, Adrián Arroyo Otero and Héctor Galloza, John Doe 1, 2 and 3, as well as the medical and nursing staff of codefendants Centro Cardiovascular de Manatí, Inc., and Manatí Medical Center, Inc., and Corporations A, B and C, incurred in negligence by not providing adequate medical treatment to Mrs. Zoraida Acevedo Molina.

36. More specifically, defendants' departures from the medical standards and/or professional negligence include, but are not limited to: failure to timely diagnose and treat the

patient's cardiac conditions; failure by the cardiologist to order and perform additional diagnostic exams on Mrs. Acevedo Molina after an echocardiogram showed results indicative of coronary disease, valvulopathy, cardiopathy, ischemia and congestive cardiac insufficiency; failure by the cardiologist to take immediate prophylactic action to manage the apparent cardiac conditions that posed a risk to the life of his patient, including an adequate follow up program; failure to perform a differential diagnosis on a patient presenting prolonged chest pain and breathing difficulty on August 12, 2013; failure to perform necessary diagnostic exams and tests to a high risk patient for cardiac conditions that presents difficulty in breathing; failure to create an adequate medical record for an Emergency Room patient; failure to make a complete and adequate medical evaluation; failure in administering appropriate medications to stabilize and treat Mrs. Acevedo Molina, in light of the diverse preexisting conditions the patient suffered; failure to timely admit and transfer the patient to an Intensive Care Unit ("ICU") at the Manatí Medical Center; failure to perform a consultation with the Cardiology Department of the Manatí Medical Center; failure to order sequential cardiac enzyme tests at Manatí Medical Center; failure to address and consider the diagnosis and recommendations contained in the patient's transfer file at Manatí Medical Center; failure to generate an adequate medical record that conforms to the accepted norms in the sound practice of medicine.

37.     As a consequence of the facts stated above, the family and psychological life of the Plaintiffs, Alvarito Acevedo Molina and Carmen Julia Acevedo Molina, has been severely altered, having each been deprived of the love, affection, company, support, care, nurture, society and attention of their sister, with whom they had a close relationship.

38.     The damages suffered by Plaintiffs Alvarito Acevedo Molina and Carmen Julia Acevedo Molina, respectively, are valued in a sum no less than $200,000.00, for the past, present

and future anguish and suffering they have experienced, and will continue to experience, as a result of the unexpected loss of their sister.

39. The codefendants and their corresponding insurance companies are jointly and severally liable for the negligent acts and damages described in the present complaint.

40. The statute of limitations for this action was tolled by a previous filing in Puerto Rico state court.

## COUNT I

### (Medical Malpractice, Vicarious Liability - 31 L.P.R.A. §5141; §5142)

41. Paragraphs 1 through 40 of this Complaint are incorporated by reference as if fully set forth herein.

42. Codefendants, doctors José Martínez Barroso, Adrián Arroyo Otero and Héctor Galloza, John Doe 1, 2 and 3, Centro Cardiovascular de Manatí, Inc., Manatí Medical Center, Inc., and Corporations A, B and C, had a duty to provide medical care to Mrs. Zoraida Acevedo Molina that complied with the applicable standards of the medical profession.  Notwithstanding, doctors José Martínez Barroso, Adrián Arroyo Otero and Héctor Galloza, John Doe 1, 2 and 3, Centro Cardiovascular de Manatí, Inc., Manatí Medical Center, Inc., and Corporations A, B and C, breached that duty as set forth above.

43. Codefendants Centro Cardiovascular de Manatí, Inc., and Manatí Medical Center, Inc., and Corporations A, B and C, are further vicariously liable for the negligent acts and/or omissions incurred by the other defendants herein that it employed, contracted with and/or granted privileges to, and by their respective medical and nursing staff that intervened with Mrs. Zoraida Acevedo Molina, and for their own negligence in the selection (negligence *in eligendo*), monitoring, supervision and granting of privileges to said doctors and nurses.

44.    There is a clear and direct causal link between doctors José Martínez Barroso, Adrián Arroyo Otero, Héctor Galloza, John Doe 1, 2 and 3, Centro Cardiovascular de Manatí, Inc., Manatí Medical Center, Inc., and Corporations A, B and C' medical malpractice and the damages sustained by Plaintiffs, as set forth above.

## COUNT II

### (Direct Action against Insurance Companies - 26 L.P.R.A. §2006)

45.    Paragraphs 1 through 44 of this Complaint are incorporated by reference as if fully set forth herein.

46.    Defendants Unknown Insurance Companies A through F have a contractual obligation to compensate those who are damaged by the medical errors and omissions of defendants. As set forth in Count I, above, these defendants committed medical malpractice and/or negligence with respect to Mrs. Acevedo Molina. Moreover, there is a clear and direct causal link between their misconduct and the damages sustained by Plaintiffs, as set forth above.

47.    Under 26 L.P.R.A. 2003, Plaintiffs have a right to reclaim directly against the corresponding insurers of defendants doctors José Martínez Barroso, Adrián Arroyo Otero, Héctor Galloza, John Doe 1, 2 and 3, Centro Cardiovascular de Manatí, Inc., Manatí Medical Center, Inc., and Corporations A, B and C.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter final judgment against Defendants:

1.    Declaring Defendants to be in violation of 32 L.P.R.A. §5141, §5142 and 26 L.P.R.A. §2003, as alleged hereinabove.

2. Finding Defendants jointly and severally liable to Plaintiffs for the damages sustained by Plaintiffs, in an amount not less than $400,000.00, plus applicable interest and costs.

3. Awarding Plaintiffs such other and further relief in law or equity as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable of right by a jury in the complaint set forth above.

In San Juan, Puerto Rico, this 15th day of January, 2015.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/<u>Hatuey Infante Castellanos</u>  
HATUEY INFANTE CASTELLANOS  
USDC-PR 225713  
**HATUEY INFANTE LAW OFFICES, P.S.C.**  
Attorneys for Plaintiffs  
P.O. Box 12014  
San Juan, PR 00914  
Tel: (787) 399-2238  
Fax:(787) 641-5016  
hatueyinfante@gmail.com